UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 5:16-cv-00242-EBA

GREGORY DANE COLLIVER, PLAINTIFF,

v. **MEMORNDUM OPINION AND ORDER**

CAROLYN W. COLVIN, ACTING
COMISSIONER OF SOCIAL
SECURITY ADMINISTRATION, DEFENDANT.

\*\*\*\*\*\*\*\*\*\*\*\*

I. INTRODUCTION

Plaintiff, Gregory Dane Colliver, brings this action under 42 U.S.C. §§ 1383(c)(3) and 405(g) of the Social Security Act, to challenge the Defendant Commissioner's final decision denying his application for Disability Insurance Benefits. [R. 1; R. 11]. Upon consent of the parties, this matter has been referred to the undersigned to conduct all proceedings and order the entry of final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. [R. 14; R. 15]. Now ripe for decision on the parties cross-motions for judgment, and for the reasons set forth herein, the Plaintiff's Motion for Judgment on the Pleadings [R. 11] is DENIED, the Defendant's Motion for Summary Judgment [R. 13] is GRANTED, and Judgment will be entered affirming the final decision of the Defendant Commissioner.

II. FACTUAL BACKOUND & POCEDUAL HISTORY

Plaintiff filed an application for disability insurance benefits (DIB), alleging disability

1

beginning on December 9, 2013 due to chronic back pain. [Tr. 148].[1] Plaintiff's application was denied on March 5, 2014 and Plaintiff applied for reconsideration. [Tr. 92]. The application was again denied on reconsideration. [Tr. 95]. On May 30, 2014, Plaintiff requested an ALJ hearing. [Tr. 102]. On May 18, 2015, a hearing was held before ALJ Ronald M. Kayser. [Tr. 34]. Plaintiff testified, as did Vocational Expert Rob Crystal. [Tr. 34]. On June 8, 2015, ALJ Kayser issued an unfavorable decision. [Tr. 21].

The ALJ found that Plaintiff was not disabled from December 9, 2013, the alleged onset date ("AOD"), though the date of the decision. [Tr. 29]. At Step 1 of the sequential evaluation process, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 9, 2013. Id. At Step 2, the ALJ found that Plaintiff had the severe impairments of obesity and lumbosacral spondylosis. Id. At Step 3, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, App. 1. The ALJ further found that the Plaintiff has the Residual Functional Capacity to perform medium work as defined in 20 C.F.R. § 404.1567(c) except he can only frequently climb, balance, stoop, crouch, kneel and crawl; and cannot work around extreme cold, vibration, wetness, hazardous machinery or heights. [Tr. 27]. At Step 4, the ALJ found that Plaintiff is capable of performing past relevant work as an automobile inspector and repairer because the work does not require the performance of work-related activities precluded by the claimant's residual functional capacity. [Tr. 29]. Lastly, the ALJ concluded that the Plaintiff has not been under a disability from his AOD through the date of the decision. Id.

---

[1] References to the transcript page numbers are references to the pages of the Administrative Record filed by the Defendant at R. 8-1.

2

Plaintiff requested that the Appeals Council review the ALJ decision [Tr. 17] but the Appeals Council denied review, making the ALJ decision the final agency decision. Plaintiff now seeks judicial review of the decision under 42 U.S.C. 405(g) and 1383(c)(3).

In his motion for judgment, Plaintiff asserts that the final agency decision is unsupported by substantial evidence due to the following errors: (1) the ALJ improperly analyzed the medical evidence and failed to assign the proper weight to the medical evidence of record; (2) the ALJ's residual functional capacity determination is not supported by substantial evidence; (3) the credibility determination was not supported by substantial evidence; (4) the ALJ posed an incomplete and incorrect hypothetical question to the vocational expert, thus relying on incomplete and erroneous testimony by the vocational expert. [R. 11 at 1].

### III. ANALYSIS

Under 42 U.S.C. § 405(g), a reviewing court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." Longworth v. Comm'r Soc. Sec., 402 F.3d 591, 595 (6th Cir. 2005) (citations omitted). "The substantial evidence standard is met if a reasonable mind might accept the relevant evidence as adequate to support a conclusion." Longworth v. Comm'r of Soc. Sec., 402 F.3d 591, 595 (6th Cir. 2005). Also, the scope of judicial review is limited to the record itself, and the reviewing court "may not try the case de novo, nor resolve conflicts in evidence, nor decide questions of credibility." Hogg v. Sullivan, 987 F.2d 328, 331 (6th Cir. 1993) (citations omitted).

The Court finds that the Commissioner applied the correct legal standard and that the Commissioner's findings of fact were supported by substantial evidence in the record. Accordingly, Defendant's motion for summary judgment is GRANTED and Plaintiff's motion

for judgment is DENIED.

### A. The ALJ's Finding That Plaintiff Had the Residual Functional Capacity for Medium Work Was Supported by Substantial Evidence

Plaintiff argues that the ALJ's residual functional capacity ("RFC) finding was not supported by substantial evidence. [R. 10]. The RFC analyzes an individual's ability to do physical and mental work activities on a sustained basis despite any existing physical or mental impairments. Put another way, the RFC is "the most you can still do despite your limitations." 20 C.F.R. § 404.1545(a)(1). In determining the RFC, the ALJ must consider all of the claimant's impairments, including those which are not severe. *See* 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1525; Maxey v. Colvin, No. CIV.A. 6:12-244-KKC, 2013 WL 3984536, at *2 (E.D. Ky. Aug. 2, 2013). Here, substantial evidence supports the ALJ's finding that Plaintiff had the residual functional capacity for medium work.

The ALJ provides an analysis of the medical evidence of record, which documented the Plaintiff's complaints and diagnosis of back pain. [Tr. 27–28]. The ALJ emphasized that doctors, including treating physician Dr. Troutt, routinely noted some lumbar tenderness but full strength throughout, a full range of motion in Plaintiff's cervical spine and shoulders, a normal gait, and normal sensation. [Tr. 28; see generally Tr. 254–61, 269–71, 280–99]. The ALJ also noted that Plaintiff's treatment was conservative in nature, and that Plaintiff did not engage in any physical therapy or surgery since the date he allegedly became disabled. [Tr. 28; Tr. 48–49]. See 20 C.F.R. § 401.1529(c)(3)(iv)-(v) (stating an ALJ must consider the type of treatment); Gronda v. Sec'y of Health & Human Servs., 856 F.2d 36, 39 (6th Cir. 1988) (Commissioner properly compared a claimant's "subjective allegations of pain" with "his underlying

condition."). The ALJ further noted Plaintiff's own account that he has had back pain since 2010 but worked full time—performing medium exertion—until December of 2013. [Tr. 27; Tr. 254]. See 20 C.F.R. § 404.1529(c)(3) (stating an ALJ must consider evidence about a claimant's prior work record). Finally, the ALJ underscores that Plaintiff can feed, dress, and bathe without difficulty and that he does sports photography on a part time basis, occasionally shops for groceries, checks progress on antiques on the internet for his wife, goes to church, and goes with his wife to watch their son play tennis for Georgetown College. [Tr. 28; Tr. 43–52]. See 20 C.F.R. § 404.1529(c)(3)(i) (stating an ALJ must consider a claimant's activities). After considering all of that evidence, as well as weighing the opinions of the various doctors (discussed below), the ALJ reasonably found that the record as a whole did not support Plaintiff's claim that he is under disability. The Court concludes that the above reasons listed by the ALJ constitute substantial evidence that a reasonable person could accept as adequate to conclude that Plaintiff has the residual functional capacity for medium work.

B.  The ALJ Assigned Appropriate Weight to the Medical Evidence of Record

Plaintiff argues that the ALJ failed to give appropriate weight to the opinion of the treating physician, Terry Troutt. [R. 11-1 at 4]. Plaintiff asserts that Dr. Troutt's opinion is consistent with his treatment notes and other objective medical evidence of record. Generally, the ALJ will give more weight to the opinion of the treating physician than any other sources because:

> . . . these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations.

5

Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 544 (6th Cir.2004) (quoting 20 C.F.R. § 404.1527(d)(2)). But the treating opinion cannot be "inconsistent with the other substantial evidence in the case record." Id. Likewise, the Sixth Circuit "has consistently stated that the Secretary is not bound by the treating physician's opinions, and that such opinions receive great weight only if they are supported by sufficient clinical findings and are consistent with the evidence." Bogle v. Sullivan, 998 F.2d 342, 347–348 (6th Cir. 1993) (citing Young v. Sec'y of Health and Human Servs., 925 F.2d 146, 151 (6th Cir. 1990)). Therefore, "the Secretary may reject a treating physician's opinion if good reasons are identified for not accepting it." Bogle, 998 F.2d at 348.

Here, the ALJ identified good reason for not accepting Dr. Troutt's opinion as controlling and in fact, no weight was given to the residual functional capacity form submitted by Dr. Troutt. First, the Plaintiff admitted at the hearing that he took the form to Dr. Troutt, who asked the Plaintiff the questions on the form and registered his answers. [Tr. 28; Tr. 52]. Accordingly, the ALJ found that the form is merely the subjective statement of the claimant and not the objective opinion of the doctor. [Tr. 28]. And indeed, "[a] doctor's report that merely repeats the patient's assertions is not credible, objective medical evidence and is not entitled to the protections of the good reasons rule." Michell v. Comm'r of Soc. Sec., 330 F. App'x 563, 569 (6th Cir. 2009); see also Tate v. Comm'r of Soc. Sec., 467 F. App'x 431, 433 (6th Cir. 2012) (affirming the ALJ's decision not to give controlling weight to an opinion that was based on subjective complaints as opposed to objective findings). Second, the ALJ highlighted that Dr. Troutt's last treatment note recorded no muscle weakness, joint pain, swelling, or spasms—findings inconsistent with the more stringent limitations listed in the residual functional capacity form. It is well established that an ALJ may discount a treating physician's opinions that are inconsistent with

6

the physician's own treatment notes. See 20 C.F.R. § 416.927(c)(3); Payne v. Comm'r of Soc. Sec., 402 F. App'x 109, 112–13 (6th Cir. 2010).

For these reasons, the Court finds that the evidence cited by the ALJ is such that a reasonable mind might accept it as adequate to support the conclusion that Dr. Troutt's opinion was not entitled to controlling weight. This is so even if substantial evidence would also have supported the opposite conclusion. Colvin v. Barnhart, 475 F.3d 727, 730 (6th Cir.2007). Accordingly, the ALJ did not err is its assessment of the weight assigned to Dr. Trout's opinion.

The ALJ also considered the opinion of Dr. Wang, who performed the consultative examination on February 15, 2014. [Tr. 245]. Dr. Wang opined that Plaintiff would have difficulty performing activities involving prolonged standing, moving about, lifting, and carrying due to his back pain. [Tr. 28; Tr. 249]. The ALJ assigned little weight to Dr. Wang's opinion and instead concluded—as also noted by Dr. Brown—that Dr. Wang's opinion is an overestimate of the severity of the Plaintiff's physical condition. [Tr. 28]. The ALJ found that while the evidence of record supports the conclusion that the claimant cannot perform heavy exertion, it does not show that the claimant could not stand or walk for at least six hours in an eight-hour day or engage in medium excretion. Id. The ALJ notes that Dr. Wang's own notes indicate that Plaintiff had a normal gait, easily got on and off the examination table, and did not use a cane for ambulation. See C.F.R. § 404.1527(c)(4) (stating that an ALJ must consider whether an opinion is consistent with the record as a whole). Here, there was substantial evidence for a finding that Dr. Wang's opinion was not consistent with the record as a whole. See supra Part III.A. Accordingly, the Court finds that the ALJ did not err in assigning little weight to Dr. Wang's opinion.

The ALJ also considered state agency physician Dr. Brown's opinion that Plaintiff could

perform a range of medium exertion work. [Tr. 28; Tr. 82–84]. Dr. Brown evaluated all of the medical evidence of record in forming his opinion. [Tr. 75–87]. The ALJ found that his opinion was consistent with the record and gave it great weight but further limited Plaintiff in his ability to balance and to work around cold, vibration, wetness, machinery, and heights. [Tr. 28]. See 20 C.F.R. § 404.1527(d)(2)(i) (state agency medical consultants "are highly qualified physicians, psychologists, and other medical specialists who are also experts in Social Security disability evaluation."). The Court finds no error in the ALJ's assignment of great weight to the opinion of Dr. Brown because substantial evidence supported such a finding.

In his motion for summary judgment, Plaintiff asserts that "the credibility determination was not supported by substantial evidence." [R. 11-1 at 10]. Specifically, Plaintiff argues that "[i]n declining to find any of these treating and examining doctors credible, the ALJ supported his RFC determination merely with the assessment of State agency Dr. Robert Brown . . ." Id. Despite being under a different subheading, Plaintiff's argument has already been addressed above. The Court finds that credibility determinations and assignments of weight to the varying physicians' opinions were supported by substantial evidence. The RFC determination by the ALJ was supported by substantial evidence of the record as a whole, including evidence from the doctors whose opinions were ultimately given little or no weight.

    C.  <u>The ALJ Did Not Err When He Relied on the Vocational Expert's Testimony</u>

Plaintiff challenged the ALJ's reliance on the vocational expert's testimony indicating that he could perform his past work as an automobile inspector and repairer. [R. 11-1 at 12–13]; [Tr. 56–58]. Plaintiff asserts that the hypothetical is incomplete and incorrect because it is based on the RFC as determined by the ALJ, which Plaintiff disagrees with. At bottom, this is another challenge to the ALJ's residual functional capacity assessment, which the Court has already

determined to be supported by substantial evidence. Being that the RFC is supported by substantial evidence, the hypothetical posed by the ALJ was not in error. See Smith v. Halter, 307 F.3d 377, 378 (6th Cir. 2001) ("A vocational expert's testimony concerning the availability of suitable work may constitute substantial evidence where the testimony is elicited in response to a hypothetical question that accurately sets forth the plaintiff's physical and mental impairments.").

## IV. CONCLUSION

In sum, the Court finds that the ALJ's opinion was supported by substantial evidence.

Therefore, it is ORDERED that Plaintiff's Motion for Judgment on the Pleadings [R. 11] is DENIED, the Defendant's Motion for Summary Judgment [R. 13] is GRANTED, and Judgment is entered affirming the final decision of the Defendant Commissioner.

Signed July 7, 2017.

Signed By:
*Edward B. Atkins* EBA
United States Magistrate Judge